**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VIVEK JAISWAL,<br>Apt. 207,<br>4921 Jean Grimes Drive,<br>Charlotte, NC 28269,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEH JOHNSON, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C. 20528,**<br><br>**and**<br><br>**LORETTA E. LYNCH, Attorney General of the United States, in her official capacity as well as her successors and assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530,**<br><br>**and**<br><br>**JAMES B. COMEY, Director, Federal Bureau of Investigation in his official capacity, as well as his successors and assigns,<br>J. Edgar Hoover Building,<br>935 Pennsylvania Avenue N.W.,<br>Washington, D.C. 20535,**<br><br>**and**<br><br>**LEON RODRIGUEZ, Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns,<br>20 Massachusetts Avenue, N.W.,<br>Washington, D.C. 20529,** | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**<br><br>**CIVIL ACTION NO. ______________**<br><br>**ALIEN NUMBERS: A089034086<br>A089034087**<br><br>**AGENCY CASE NUMBERS:<br>SRC-07-284-51844<br>SRC-07-284-51769**<br><br>**REQUEST FOR ORAL ARGUMENT** |

**and**

**DONALD NEUFELD, Associate Director, Service Center Operations Directorate, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529,**

**and**

**GREGORY A. RICHARDSON, Center Director, Texas Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 4141 North St. Augustine Road, Dallas, TX 75227,**

**Defendants.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**

Plaintiff, Vivek Jaiswal, through his undersigned counsel, alleges as follows:

## I. INTRODUCTION

1. This civil action seeks to compel unreasonably delayed government action on the adjudication of the Form I-485 Application for Adjustment of Status ("I-485 Application") properly filed by Plaintiff on April 27, 2012. The Application was filed and remains within the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 Application for **more than 1,100 days, or over three years**, to Plaintiff's detriment.

2. When Congress enacted the Immigration Services and Infrastructure

Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application…." 8 U.S.C. §1571(b).

3. The Administrative Procedure Act requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4. This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiff's I-485 Application. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5. Plaintiff has made numerous inquiries with USCIS regarding the delayed adjudication of his I-485 Application, without success. Plaintiff has not been advised of any specific problem, issue, or question about this filing. Instead, Plaintiff has simply been told that his I-485 Application was being subjected to further review and that he had to wait, indefinitely, with no apparent deadline for adjudication.

6. As a result, Plaintiff suffers the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7. This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiff's I-485 Application.

8. Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 Application within fourteen (14) days after an Order of this Court.

9. Plaintiff is entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II. JURISDICTION

10. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq*. (APA), 8 U.S.C. §1101 *et seq*. (Immigration and Nationality Act) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, *et seq*. and §§701 *et seq*. (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq*. (All Writs Act), and 28 U.S.C. §§2201, *et seq*. (Declaratory Judgment Act).

## III. VENUE

11. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia. Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Loretta E. Lynch is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Lynch performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Director James B. Comey, is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia. Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Leon Rodriguez is an officer of the DHS and is the Director of USCIS, which is headquartered in the District of Columbia. Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e. Defendant Donald Neufeld is an officer of the DHS and is the Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia. Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f. Defendant Gregory A. Richardson is an officer of the Department of Homeland Security and of USCIS. Defendant Richardson is the Director of the USCIS Texas Service Center. Defendant Richardson retains jurisdiction over the I-485 Application in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

g. A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

h. Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

12. Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

**IV. PARTIES**

13. Plaintiff is an adult individual who is a national of India and resides lawfully in the United States. He resides at 4921 Jean Grimes Drive, Apt. 207, Charlotte, NC 28269. *See* Affidavit of Vivek Jaiswal, dated May 20, 2015, a copy of which is attached and incorporated hereto as Exhibit A.

14. Plaintiff's wife, Gunjan Kumari, is an adult individual who is a national of India and resides lawfully in the United States. She resides at 618 W. Parkside Drive, Palatine, IL 60067. *See* Affidavit of Gunjan Kumari, dated May 21, 2015, a copy of which is attached and incorporated hereto as Exhibit B.

15. Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is a subordinate agency within the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16. Loretta Lynch is the Attorney General of the United States and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. More specifically, Ms. Lynch is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances,

including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450. Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

17. James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18. Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of I-485 Applications. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19. Donald Neufeld is the Associate Director, Service Center Operations at USCIS. He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20. Gregory A. Richardson is the Director of the Texas Service Center of the USCIS located at 4141 North St. Augustine Rd, Dallas, TX 75227 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Application in question was filed at the Texas Service Center. *See* Exhibit C.

## V. STATEMENT OF FACTS

### A. Process to Become a Lawful Permanent Resident

21. An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity. The intending immigrant's actual or potential employer initiates the first two stages. First, the employer files an Application for Alien Employment Certification, also known as a Labor Certification Application ("LC"), with the U.S. Department of Labor ("DOL"). The DOL grants "certification" when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment. *See* 8 U.S.C. §1182(a)(5)(A).

22. Second, if DOL grants the LC requested, the employer must file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer previously certified by the DOL. The intending immigrant is referred to as the "beneficiary" of the I-140 Petition. USCIS examines evidence filed with the petition to determine eligibility for the benefit requested. *See* 8 U.S.C. §§1153(b) and 1154(b).

23. Third, the intending immigrant files an I-485 Application with USCIS requesting LPR status based on the I-140 Petition. This may be filed concurrently with the I-140 petition. *See* 8 C.F.R. §245.2(a)(2)(i). However, an approved I-140 petition is a prerequisite to the approval of the I-485 Application. *See* 8 U.S.C. §1255(a).

### B. Case History

24. On or about August 7, 2009, Maxima Consulting, Inc. filed an I-140 Petition on behalf of Plaintiff. With the I-140 Petition, Maxima Consulting, Inc. properly included the DOL-approved Labor Certification, as required by law. The I-140 Petition was approved on or about August 20, 2009 in the EB2 (or employment-based "Second Preference") category with priority date of June 13, 2008. *See* USCIS Form I-797, Receipt Number SRC-09-236-52191, dated August 7, 2009, a copy of which is attached and incorporated hereto as Exhibit C.

25. On or about April 27, 2012, Plaintiff filed his I-485 Application. *See* USCIS Form

I-797C, Receipt Number SRC-12-902-60562 dated May 1, 2012, a copy of which is attached and incorporated hereto as Exhibit D.

26. Plaintiff began working for a new employer, Navel Technologies, Inc., on June 23, 2014 pursuant to the American Competitiveness in the Twenty-First Century Act ("AC21") which permits I-485 Applicants, whose applications have been pending with USCIS for 180 days or more, to move to a different employer (without the necessity of obtaining a new Labor Certification or I-140 Petition) if the job with the new employer is the "same or similar" to the job offered by the original employer. This provision of AC21 is commonly referred to as the "portability" provision. *See* Exhibit A.

27. On July 7, 2014, Plaintiff's counsel contacted the Texas Service Center to advise that his priority date was current and his I-485 application was eligible for approval. *See* Exhibit A.

28. On August 8, 2014, Plaintiff's counsel called the USCIS National Customer Service Center to place a service request, as the I-485 application was outside the standard four month processing time. The USCIS agent placed a service request (referral number T1D2201400095TSC) and stated that counsel would receive a response within fifteen days. *See* Exhibit A.

29. On August 20, 2014, Plaintiff contacted Congressman Reid Ribble for Assistance with his I-485 Application. On September 2, 2014, the congressional liaison for Congressman Ribble advised Plaintiff that she initiated contact with the Texas Service Center and should receive a response in two days. *See* Exhibit E.

30. On September 4, 2014, the congressional liaison contacted Plaintiff to inform him that the Texas Service Center indicated that background checks were being performed and the case could not proceed until the checks were completed. *See* Exhibit A.

31. On September 18, 2014, Plaintiff's counsel sent an email to TSC.NCSCfollowup@uscis.dhs.gov to follow up on the service request placed on August 8,

2014. On November 7, 2014, counsel received a response stating that the case was pending adjudication but USCIS could not provide a completion date. *See* Exhibit F.

32. On October 23, 2014, Plaintiff's counsel submitted an inquiry on DHS Form 7001 to the Office of the CIS Ombudsman via its website. On December 14, 2014, Plaintiff received the Ombudsman's response stating that his priority date was not current at that time and his case was within normal processing times. *See* Exhibit G.

33. It has now been **over 1,100 days** since Plaintiff properly filed his I-485 Application with USCIS.

34. The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence. 8 U.S.C. §1151(a). The Department of State publishes a monthly "Visa Bulletin" to track and announce the availability of these visas. The Department of State's monthly Visa Bulletin for the month of March 2015 demonstrates that immigrant visas are currently available to Plaintiffs. *See* U.S. Department of State Visa Bulletin for June 2015, a partial copy of which is attached and incorporated hereto as Exhibit visa bulletin. Plaintiff's priority date is June 13, 2008, in the Second Preference employment category (EB2). The Visa Bulletin for June 2015 shows that visa numbers are available in the employment-based, Second Preference category for Indian applicants with a priority date earlier than the October 1, 2008 cut-off date. As Plaintiff's priority date is earlier than the cut-off date, he is a member of the class eligible for approval of his I-485. *See* Exhibit H.

35. Therefore, an immigrant visa is immediately available to the Plaintiff, and the Plaintiff is eligible for an adjustment of status to that of LPR. 8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

36. Due to extreme delays, the I-485 Application is still pending with USCIS. *See* Exhibit A.

37. Plaintiff has completed all steps required regarding this case. *See* Exhibit A.

38. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications). Congress indicated that adjudication of such petitions and Applications "should be completed not later than 180 days after the filing of the initial filing of the application…." *See* 8 U.S.C. §1571(b).

39. Based on USCIS's own published processing times, the USCIS Texas Service Center (where Plaintiff's Application is pending) is now adjudicating I-485 Applications that were filed August 15, 2014. Yet Defendants have not adjudicated Plaintiff's I-485 Application which was filed on April 27, 2012. *See* USCIS Processing Time Information for Texas Service Center, posted May 12, 2015, a copy of which is attached and incorporated hereto as Exhibit I.

**C. <u>USCIS and FBI Security Checks</u>**

40. Once any application for an immigration benefit is filed, which includes I-485 Applications, the FBI conducts mandatory criminal and national security background checks before adjudication of the petition or application is completed. These security checks include the FBI Name Check, which is part of the NNCP. *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit J.

41. In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found. *See* Exhibit J, page 2.

42. The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of Applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See* Exhibit I, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

43. The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours. Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases. Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information. *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit K.

44. On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog had been eliminated. The Update indicated that by the end of June 2009, the FBI would have completed 98% of USCIS Name Check requests within 30 days, and would process the remaining two within three months. *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit L.

**D. Exhaustion of Administrative Remedies**

45. Plaintiff's counsel sent an email inquiring about the pending I-485 Application to the Texas Service Center on July 7, 2014. *See* Exhibit A.

46. Plaintiff's counsel called the National Customer Service Center on August 8, 2014 and placed a service request because the case was outside of the processing times. *See* Exhibit A.

47. Plaintiff contacted U.S. Congressman Reid Ribble for assistance in August 20, 2014. He was informed that his case was undergoing background checks. *See* Exhibit A.

48. Plaintiff's counsel sent an email to TSC.NCSCfollowup@uscis.dhs.gov on September 18, 2014. The response stated the case was pending adjudication but USCIS could not provide a completion date. *See* Email dated 11/07/2014, a copy of which is attached and

incorporated hereto as Exhibit F.

49. Plaintiff's counsel submitted an inquiry to the CIS Ombudsman on October 23, 2014. The Ombudsman's response stated that Plaintiff's priority date was not current and the case was within normal processing times. *See* Exhibit A; correspondence from CIS Ombudsman dated 12/15/2014, a copy of which is incorporated and attached hereto as Exhibit G.

50. There are no further administrative remedies available to Plaintiff to redress the grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

53. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

54. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

55. Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-485 Application, and to do so within a reasonable time.

56. Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiff's I-485 Application. *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written

decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

57. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject I-485 Application, not the approval or denial of this filing.

58. The INA indicates that a reasonable time period for USCIS to adjudicate Applications for immigration benefits (which include I-485 Applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Application, should be completed not later than 180 days after the initial filing of the application).

59. Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiff's Application is pending) is adjudicating I-485 Applications submitted on or before August 15, 2014, yet has not adjudicated Plaintiff's own Application which was filed on April 27, 2012. *See* Exhibit I.

60. USCIS' delay in adjudication of Plaintiff's I-485 Application of over 1,100 days since the subject case was filed is unreasonable and in violation of the APA.

61. Plaintiff has exhausted administrative remedies.

62. USCIS' unreasonable and unlawful delay in adjudication of Plaintiff's I-485 Application has caused, and is causing, Plaintiff ongoing and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his or her Duty)**

63. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Plaintiff asserts claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiff.

65. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate

Plaintiff's I-485 Application. *See*, *e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

66. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's I-485 Application within a reasonable time.

67. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Application, not the approval or denial of this filing.

68. The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and for Adjustment of Status is within 180 days of initial filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Application, should be completed not later than 180 days after the initial filing of the application).

69. Based on the USCIS' own published processing times, the USCIS Texas Service Center, where Plaintiff's Application is pending, is adjudicating I-485 Applications submitted on or before **August 14, 2014**, yet has not adjudicated Plaintiff's Application which was filed on April 27, 2012. *See* Exhibit I.

70. Against these standards, DHS/USCIS have failed to adjudicate the subject Application within a reasonable period of time, considering that over 1,100 days have passed since Plaintiff filed his I-485 Application.

71. Plaintiff has no other adequate remedy to compel the agency to perform its duty, since Plaintiff has contacted USCIS without results or indication of when adjudication of this case might be forthcoming.

72. Plaintiff asks this Court to compel DHS Secretary Jeh Johnson, USCIS Director

Leon Rodriguez, Associate Director Donald Neufeld, and Texas Service Center Director Gregory A. Richardson to perform their duty and adjudicate Plaintiff's I-485 Application.

73. USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Application has caused, and is causing, Plaintiff ongoing and substantial injury.

**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

74. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

75. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

76. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

77. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

78. Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

79. Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

80. Plaintiff's Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Application, not the approval or denial of this Application.

81. Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over 1,100 days have passed since Plaintiff filed his I-485 Application, which is far, far in excess of the average time it takes the FBI

to complete a name check.

82. Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Application is preventing adjudication by USCIS.

83. Plaintiff has exhausted his administrative remedies.

84. The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Application has caused, and is causing, Plaintiff ongoing and substantial injuries.

**Count IV**

**(Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)**

85. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86. Plaintiff asserts a claim for mandamus relief under 28 U.S.C. §1361, which provides the authority to compel an agency to perform a duty owed to Plaintiff.

87. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name check for the subject I-485 Application. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

88. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Application within a reasonable time.

89. Plaintiff has a clear and certain right to have the NNCP name check for his I-485 Application completed within a reasonable period of time.

90. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of his I-485 Application, not the approval or denial of this Application.

91. The FBI has failed to complete the NNCP name checks on the subject I-485 Application within a reasonable period of time, considering that over 1,100 days have passed

since Plaintiff filed it. This time period is far, far in excess of the average time it takes the FBI to complete a Name Check.

92. Plaintiff has no other adequate remedy to compel the agency to perform its duty.

93. Plaintiff asks this Court to compel Defendants Attorney General Loretta Lynch and FBI Director James B. Comey to complete the FBI National Name Check Program clearances on the subject I-485 Application, which is required for the USCIS to adjudicate this I-485 Application.

94. The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiff ongoing and substantial injuries.

## VII. INJURIES TO PLAINTIFF

95. The USCIS' unreasonable delay in adjudicating the subject I-485 Application is causing Plaintiff substantial harm. *See* Exhibit A.

96. The USCIS' unreasonable delay is preventing Plaintiff from obtaining LPR status in the United States. This status would provide Plaintiff with the following benefits: the right to remain lawfully in the U.S. and not be subject to removal (formerly known as deportation); the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A.

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Declare that the Defendants' delay in adjudicating Plaintiff's I-485 Application (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2) Compel Defendant Secretary Jen Johnson, Defendant Director Leon Rodriguez, Defendant Associate Director Donald Neufeld, and Defendant Director Gregory A. Richardson to perform their duty to adjudicate Plaintiff's I-485 Application;

(3) Compel Defendant Attorney General Loretta Lynch and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-485 Application;

(4) Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Application within fourteen (14) days of an Order of this Court;

(5) Grant such other relief as this Court deems proper under the circumstances; and

(6) Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA.

Respectfully submitted on this 4th day of June 2015.

/s/Aron Finkelstein, Esquire
U.S. District Court Bar # MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff